IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA, and )
ELEANOR CLARK )
REVENUE AGENT of the )
INTERNAL REVENUE SERVICE, )
                                  )
      Petitioners, )
                                  )   CIVIL ACTION NO. 3:11-cv-00199
v.                      )   JUDGE NIXON
                                  )
DEBRA STARLING, )
                                  )
      Respondent. )

## ORDER

From the record before it, the Court hereby FINDS:

(1) that the petitioners have established a <u>prima facie</u> case for judicial enforcement of the administrative summons of the Internal Revenue Service herein:

(2) that the Respondent has been afforded an opportunity to show any cause he might have as to why such summons should not be enforced by this Court; and,

(3) that the Respondent has not shown any just cause.

Accordingly, it hereby is ORDERED that such summons be ENFORCED.

It hereby is ORDERED* that the Respondent, Debra Starling, appear before Eleanor Clark, an agent of the Internal Revenue Service, at 801 Broadway, Room 149, Nashville, Tennessee 37203 on February 17, 2012, at 9:00 a.m.

It is further ORDERED* that at such time and place, Debra Starling, give testimony and bring with him and produce for examination all books, records, papers, and other data described in the administrative summons, a copy of which is attached hereto and incorporated by reference.

It is further ORDERED that a copy of this Order be served on the Respondent.
ENTER:

                                                            JUDGE NIXON
                                                            United States District Court

---

*Any failure to obey this order may subject the Respondent to the contempt powers of this Court. <u>See</u> 26 U.S.C. section 7604(b); <u>United States v. Rylander</u>, 460 U.S. 752, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983), <u>reh.den.</u>, 462 U.S. 1112, 103 S.Ct.2466, 77 L.Ed.2d 1342 (1983); <u>United States v. Riewe</u>, 676, F.2d 421[9] (10th Cir. 1982). (If the taxpayer still refuses to comply, contempt proceedings with the possibility of imprisonment conditioned upon [compliance] are warranted.")